IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHILIP D. SMITH, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:09-CR-79-SCJ-GGB |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-1432-SCJ-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 his prison sentence.  (Doc. 107 in 1:09-cr-79-SCJ-GGB.)[1]  Movant filed a § 2255 motion and an amended motion.  (*Id.*; Doc. 108.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion, as amended, and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does so appear, the Court "must dismiss the motion."[2]  Rule 4, § 2255

---

[1] All citations to the record are to 1:09-cr-79-SCJ-GGB.

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice.  *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006).  This Report and Recommendation provides such notice.

Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

On April 19, 2010, Movant pled guilty, pursuant to a negotiated plea agreement, to using a firearm during and in relation to a crime of violence, namely during a carjacking. (Doc. 2 (indictment); Doc. 65-1 ("Plea Agr."); Doc. 84 ("Plea Tr.").) In the plea agreement, Movant

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground once the Court accepts the binding plea agreement and sentences [Movant] . . . accordingly.

(Plea Agr. at 7.) Just above his signature on the plea agreement, Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding."[3] (*Id.* at 9-10.)

---

[3] The only exception other than if the Court rejected the binding plea agreement was if Respondent filed an appeal. (*Id.* at 7-8.) Respondent did not file an appeal.

2

The plea agreement was a binding one in which the parties agreed upon a sentence of fifteen years' imprisonment. (*Id.* at 4.) The Court accepted the agreement and sentenced Movant to fifteen years' imprisonment and five years' supervised release. (Docs. 70, 79.)

Movant filed an appeal, but his lawyer filed with the appellate court a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967) stating that he believed the appeal lacked merit. (Doc. 91.) On February 11, 2011, the U.S. Court of Appeals for the Eleventh Circuit granted the *Anders* motion and affirmed the judgment of conviction. (*Id.*) Movant did not seek a writ of certiorari from the U.S. Supreme Court. (Doc. 107 at 2.)

Movant filed his § 2255 motion on April 27, 2015.[4] (*Id.* at 12.) Movant asserted one claim in the motion: that the Court erroneously sentenced Movant as a career offender under the U.S. Sentencing Guidelines (the "Guidelines") without actually adjudicating him a career offender. (*Id.* at 4.) Movant contends that he is

---

[4] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). As there is no contrary evidence, Movant is presumed to have given his § 2255 motion to officials for mailing on the day he signed it, which was April 27, 2015. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

actually innocent of being a career offender and thus should not have been sentenced to more than sixty months' imprisonment. (*Id.*) Movant amended his § 2255 motion to add a claim that the Court should not have sentenced him for the crime to which he pled guilty – use of a firearm during a carjacking – because Respondent dropped the substantive, or predicate, carjacking charge as part of the plea agreement. (Doc. 108.) As a result, Movant contends that the firearm charge should have been dismissed or he should have been sentenced for the lesser crime of possession of a firearm by a convicted felon. (*Id.*)

Movant acknowledges that he filed his § 2255 motion more than one year after his judgment of conviction became final. (Doc. 107 at 4, 11.) A § 2255 motion must be filed within one year of that date or within one year of other dates that do not apply (and Movant does not contend apply) here. 28 U.S.C. § 2255(f); *see infra*. Movant's judgment of conviction became final on February 11, 2011 when the appellate court affirmed the judgment. Movant filed his § 2255 motion over four years later.

Movant urges the Court to consider his untimely § 2255 motion pursuant to the "Manifest Injustice" exception like the court did in *Scott v. United States*, 740 F. Supp. 2d 1317 (S.D. Fla. 2010). (Doc. 107 at 4, 11.) Movant contends that this

exception applies because he is actually innocent of the career offender sentence enhancement he allegedly received.  (*Id.*)

The court in *Scott* found that a federal prisoner seeking relief under § 2255 was "actually innocent of being a career offender" because of a change in law and that the actual innocence exception to procedurally defaulted claims – also known as the manifest injustice exception – applies to untimely claims like Scott's.  *Scott*, 740 F. Supp. 2d at 1322, 1330.  One year later, the U.S. Court of Appeals for the Eleventh Circuit held that a federal prisoner cannot be actually innocent of being a career offender, or of any sentence enhancement under the Guidelines, because the actual innocence exception applies only to crimes and Guidelines enhancements are not crimes.  *Gilbert v. United States*, 640 F.3d 1293, 1318-23 (11th Cir. 2011) (en banc).  "A defendant who is convicted and then has the . . . career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." *Id.* at 1320.

The actual innocence exception thus does not permit Movant's untimely claim that he is innocent of the career offender enhancement he contends was applied to his sentence.  And because *Scott*, the sole case on which Movant relies,

5

is a decision by a U.S. District Court, the alternate accrual date for § 2255's statute of limitations that can be triggered by U.S. Supreme Court decisions does not apply. *See* 28 U.S.C. § 2255(f)(3) (providing that the one-year period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and if that date is later than other accrual dates). Movant's § 2255 motion is untimely.

Even if the motion was timely, Movant's claims are barred by the appeal waiver in his plea agreement. An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). That test is satisfied here.

6

At the plea hearing, the Court discussed with Movant the appeal waiver in his plea agreement:

> THE COURT: One other thing that is important for us to mention is that you will be waiving any right to appeal this conviction or sentence. You are pleading guilty. You are agreeing to the sentence. So if you have buyer's remorse or regret this down the road, you are not going to be able to appeal it. This will be the sentence. And if at any point in the future when you are sitting in jail and some jailhouse lawyer says why don't you challenge this on this or that ground, you won't be able to do it. *You are giving up your right to ever challenge this for any reason*.
>
> Do you understand that?
>
> [MOVANT]: I understand.

(Plea Tr. at 18 (emphasis added).) That discussion demonstrates that Movant knowingly and voluntarily agreed to the appeal waiver. Movant does not contend otherwise, and his sworn statements at the plea hearing would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). Movant's execution of the written plea agreement further demonstrates that he knowingly and voluntarily agreed to the appeal waiver. (*See* Plea Agr.) The appeal waiver is valid and bars Movant's challenge to his sentence under § 2255.

Finally, Movant's claim in his amended motion that he could not be sentenced for using a firearm in relation to a crime of violence (carjacking) because he was not convicted of the crime of violence would fail even if it was properly before the Court.  Section 924(c)(1)(A) of the federal criminal code makes it a crime to use or carry a firearm during and in relation to a crime of violence "for which the person may be prosecuted in a court of the United States."  18 U.S.C. § 924(c)(1)(A).  The U.S. Court of Appeals for the Eleventh Circuit has held that "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense."  *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005).  That court rejected in *Frye* the argument Movant asserts here:

> By its plain language, section 924 does not require that a defendant be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense. Section 924(c) requires only that the [predicate] . . . crime be one that "may be prosecuted." Frye, therefore, was properly convicted of violating section 924(c)(a) despite that he was not convicted of the predicate offense on Count Five or charged with a predicate offense on Count Six.

*Id.*

For the foregoing reasons, I **RECOMMEND** that Movant's § 2255 motion [107] and amended motion [108] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:15-cv-1432-SCJ-GGB be **DISMISSED**.  I further **RECOMMEND** that a certificate of appealability be **DENIED** because it is not reasonably debatable that Movant's § 2255 motion is untimely and that the appeal waiver in the plea agreement bars Movant's claims.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

      **SO RECOMMENDED** this 19th day of May, 2015.

                                                      GERRILYN G. BRILL
                                                    UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)