IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHILIP D. SMITH, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:09-CR-79-SCJ-GGB |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-1432-SCJ-GGB |

## **ORDER**

In April 2010, pursuant to a negotiated binding plea agreement, Movant pled guilty to one count of using a firearm during and in relation to a carjacking, which is a crime of violence. (Docs. 65-1, 84.) In August 2010, the Court sentenced Movant to fifteen years' imprisonment and five years' supervised release, which was the sentence Movant agreed to in the plea agreement. (Docs. 70, 79.)

Movant also agreed to waive his right to challenge his judgment of conviction via appeal or 28 U.S.C. § 2255. (Doc. 65-1 at 7.) But Movant unsuccessfully appealed, (Doc. 91), and, four years later in April 2015, filed a motion challenging the judgment under § 2255, (Doc. 107). Movant amended his § 2255 motion a few days later. (Doc. 108.) Movant asserts two claims under § 2255: the Court erroneously sentenced him as a career offender under the U.S. Sentencing Guidelines (the

"Guidelines") because he is actually innocent of being a career offender, and the Court erroneously sentenced him for using a firearm during a carjacking because Respondent dropped the predicate carjacking charge as part of the plea agreement. (*Id.*)

Magistrate Judge Brill issued a Report and Recommendation ("R&R") that Movant's § 2255 motion be denied under Rule 4 of the Rules Governing § 2255 Motions. (Doc. 109.) Judge Brill found that Movant filed his § 2255 motion over four years after his judgment of conviction became final and, thus, that the motion is untimely. (*Id.* at 4-6.) Judge Brill further found that the § 2255 is barred by the appeal waiver in Movant's plea agreement. (*Id.* at 6-7.) Finally, Judge Brill concluded that even if Movant's claims were not procedurally barred, Movant's claim that he could not be convicted or sentenced for using a firearm during a carjacking fails on its merits. (*Id.* at 8.) Movant filed objections to the R&R. (Doc. 112.)

Movant argues that the Court may consider his untimely § 2255 motion under the manifest injustice, or actual innocence, exception to the one-year limitations period pursuant to *Scott v. United States*, 740 F. Supp. 2d 1317 (S.D. Fla. 2010.) (Doc. 112 at 2.) Movant contends that he "was deemed innocent" of the crime to which he pled guilty – use of a firearm during a carjacking – when Respondent dropped the carjacking charge itself and that he is innocent of being a career offender under the

2

Guidelines. (*Id.*; Doc. 107 at 4.) Judge Brill correctly found that a person cannot be "innocent" of a Guidelines sentencing enhancement. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc) ("A defendant who is convicted and then has the . . . career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.").

Movant's argument regarding the crime to which he pled guilty is that he is legally innocent of that crime because Respondent dropped the carjacking charge pursuant to the plea agreement. (*See* Doc. 112 at 1-2 (arguing that by doing so "the government in essence [found] movant to be <u>not guilty</u> of the predicated charged offense of Carjacking"). But only factual innocence can excuse an untimely § 2255 motion, and then only if such innocence is shown by new, reliable evidence not available at the time of conviction. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); *Lynn v. United States*, 365 F.3d 1225, 1234 n.18 (11th Cir. 2004) ("[A]ctual innocence means factual innocence, not mere legal innocence." (quotation marks omitted)). It is "extremely rare" for a person to make the showing required to establish that he is actually innocent of the crime for which he was convicted; such cases are "truly 'extraordinary.'" *Schlup*, 513 U.S. at 321, 324, 327; *see McKay v. United States*, 657

3

F.3d 1190, 1198 (11th Cir. 2011) ("[I]t has been repeatedly emphasized [that] the actual innocence exception is a narrow exception.").

The transcript of the plea hearing in this case demonstrates that there was a factual basis for Movant's guilty plea to using a firearm during a crime of violence, and Movant admitted the relevant facts. (Doc. 84); *see Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (holding that a defendant's sworn declarations during a plea hearing carry a strong presumption of verity and constitute a formidable barrier in any collateral challenge to the plea). Movant has presented no evidence of factual innocence, much less new, reliable evidence of the kind necessary to make the extraordinary showing that he is actually innocent of the crime to which he pled guilty. His claim that he is legally innocent of the crime because he was not convicted of a crime of violence cannot excuse his untimely § 2255 motion.

Moreover, the appeal waiver in Movant's plea agreement bars the claims in his § 2255 motion. Although Movant contends in his objections to the R&R that Respondent "deviated or welched on the plea bargain" by dropping the carjacking charge "at sentencing," (Doc. 112 at 1), the plea agreement made clear that the carjacking charge was being dropped in exchange for Movant pleading guilty to the charge of using a firearm during the carjacking, (Doc 65-1 at 1, 4). The plea

agreement provided that Movant was admitting guilt as to only the latter crime, that he faced a minimum sentence of seven years' imprisonment for that crime, and that he agreed on a sentence of fifteen years' imprisonment for that crime. (*Id.* at 1-4.) Movant signed the plea agreement on the date he pled guilty and told the Court, under oath, that he understood it and the appeal waiver in it. (*Id.* at 9-10; Doc. 84 at 18.) The Court even told Movant that if he pled guilty to using a firearm during a crime of violence that the fifteen-year sentence in his plea agreement "will be the sentence" and "if at any point in the future when you are sitting in jail and some jailhouse lawyer says why don't you challenge this [sentence] on this or that ground, you won't be able to do it." (Doc. 84 at 18.) Movant told the Court he understood and agreed to those consequences of his plea agreement. (*Id.*)

Accordingly, the Court **OVERRULES** Movant's objections [112] and **ADOPTS** the R&R [109] as the opinion of the Court. Movant's § 2255 motion [107] and his amended § 2255 motion [108] are **DISMISSED** as untimely and barred by the

appeal waiver in Movant's plea agreement.  A certificate of appealability is **DENIED**.

Civil action number 1:15-cv-1432-SCJ is **DISMISSED**.

**SO ORDERED** this 5th day of June, 2015.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE
